UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Antonio Crawford,                                   Case No. 19-cv-854 (SRN/LIB)

        Petitioner,

v.                                                  **REPORT AND RECOMMENDATION**

United States of America,

        Respondent.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, and, upon Petitioner Antonio Crawford's "Motion Under 28 U.S.C. § 2255 and § 2254," [Docket No. 1], purportedly seeking habeas corpus relief pursuant to 28 U.S.C. §§ 2255, 2254 (hereinafter the "Petition"); Petitioner's "Motion for Federal Rule 6 Discovery," [Docket No. 2]; and Plaintiff's Motion to Proceed In Forma Pauperis (hereinafter "IFP Motion"). [Docket No. 3].

For the reasons discussed herein, the Court recommends Crawford's Petition, [Docket No. 1], be **DENIED without prejudice** for lack of jurisdiction; Petitioner's "Motion for Federal Rule 6 Discovery," [Docket No. 2], be **DENIED as moot**; and Plaintiff's IFP Motion, [Docket No. 3], be **DENIED as moot**.

In August 2012, the United States District Court for the Northern District of Illinois sentenced Crawford to a 96-month term of imprisonment for two counts of robbing a bank with force or violence. See, United States v. Crawford, No. 11-cr-0500, Judgment (N.D. Ill. Aug. 1,

2012). Crawford asserts that this sentence will end in "[a]pproximately August 2019." (Mem. in Supp. [Docket No. 4])

In April 2013, authorities in the Central District of Illinois indicted Crawford for mailing a threatening communication to individuals involved in earlier criminal proceedings. See, United States v. Crawford, No. 13-cr-10048, Indictment (C.D. Ill. Apr. 18, 2013). After Crawford pled guilty in that action, the United States District Court for the Central District of Illinois sentenced Crawford to a 70-month term of imprisonment. See, United States v. Crawford, No. 13-cr-10048, Minute Entry (C.D. Ill. Nov. 3, 2014) (reflecting guilty plea); United States v. Crawford, No. 13-cr-10048, Judgment (hereinafter "July 2015 Judgment") (C.D. Ill. Jul. 2, 2015). That 70-month term of imprisonment was to be consecutive to the term imposed in Crawford's bank-robbery case. See, July 2015 Judgment.

Crawford filed an unsuccessful petition for a writ of habeas corpus in the Northern District of Illinois in response to the bank-robbery matter. See, Crawford v. United States, 14-cv-4098, Petition for Writ of Habeas Corpus (N.D. Ill. May 29, 2014); Crawford v. United States, 14-cv-4098, Order (N.D. Ill. Feb. 22, 2017) (dismissing petition). Crawford has not, however, filed a habeas petition in the Central District of Illinois challenging his conviction or sentence in the threatening-communication case. See, United States v. Crawford, No. 13-cr-10048 (C.D. Ill.).

Crawford executed the present Petition on March 21, 2019. (See, Petition, [Docket No.1], at 1). In his Petition, Crawford asserts two grounds for relief, both concerning his sentence in the threatening-communication case. First, he contends that during his sentencing in that case, the court incorrectly calculated his criminal-history score. (Id. at 2). Specifically, Crawford asserts that the court assigned him three criminal-history points for a state conviction the conduct for which was already included in Crawford's criminal-history score because of a related federal

2

conviction. (See, Mem. in Supp., [Docket No. 4], at 2). The second ground for relief is not entirely clear, however, construing the pleading in Crawford's favor, the Court construes the second ground for relief in Crawford Petition as arguing that his sentence in the threatening-communication case should be applied concurrently with his preexisting sentence rather than consecutively. (See, Id. at 5–6). Crawford suggests that he has filed the present Petition in the U.S. District Court for the District of Minnesota because, given his nearby family, he should serve any eventual supervised-release period in this state. (See, Id. at 6–7).

The Court first addresses the procedural avenue under which Crawford brings his present Petition. Crawford claims to bring the Petition under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241. (See, Petition [Docket No. 1]). However, the two statutes are distinct and generally apply to different sorts of relief: "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)). In contrast, a § 2241 petition is appropriate for an attack on "the execution of [one's] sentence." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (citing Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995)).

The Petition plainly challenges the validity of Crawford's sentence. (See, e.g., Petition, [Docket No. 1], at 2) (stating that Crawford "challenge[s] that the sentence imposed was in excess of the maximum authorized by law and is subject to collateral attack"); Mem. in Supp., [Docket No. 4], at 1) (referring to present Petition as "motion to vacate and set aside his conviction and sentence"). The Court thus construes the Petition as one under 28 U.S.C. § 2255.[1]

---

[1] Section 2255(e)'s "savings clause" lets a petitioner challenge a conviction or sentence under § 2241 if the § 2255 remedy is "inadequate or ineffective to test the legality of [the petitioner's] detention." However, Crawford fails to

3

As previously noted, however, a petition under § 2255 must be brought in the sentencing court. The sentencing court here is not the United States District Court for the District of Minnesota; rather, the sentencing court is the United States District Court for the Central District of Illinois. (See, Petition, [Docket No. 1], at 1) (noting that Crawford challenges sentence imposed in United States v. Crawford, No. 13-cr-10048 (C.D. Ill.)).

As a result, Crawford has brought the present Petition in the wrong district; he must file it in the Central District of Illinois. This Court therefore lacks jurisdiction to assess the present Petition. Thus, the undersigned recommends that the Petition be denied, and this action dismissed without prejudice. Because the Court recommends that this action be dismissed, the Court further recommends that Plaintiff's "Motion for Federal Rule 6 Discovery," [Docket No. 2], be denied as moot, and Plaintiff's IFP Motion, [Docket No. 3], be denied as moot.

One final issue merits discussion. Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. On an initial read, § 1631 suggests that this Court could transfer this action to the United States District Court for the Central District of Illinois. The Court recommends that no such transfer occur. As the statute indicates, this Court can transfer this action only to a court where this action "could have been brought at the time it was filed." Although here the Central District of Illinois is the District where Crawford should have initially filed his Petition, it is likely Crawford would have been barred from raising this action in the Central District of Illinois due to this action's untimeliness.

---

even suggest that the § 2255 remedy would be inadequate or ineffective to test his sentence's legality. Accordingly, the savings-clause route to challenging one's sentence under § 2241 is unavailable to him.

4

Generally speaking, a § 2255 petition must be brought within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Central District of Illinois entered its judgment in Crawford's threatening-communication case in July 2015. See, July 2015, Judgment. This Court's review of that case's docket shows that Crawford appealed that judgment to the United States Court of Appeals for the Seventh Circuit, but the Seventh Circuit dismissed his appeal, and issued its mandate on November 21, 2016. See, United States v. Crawford, No. 13-cr-10048, Notice of Issuance of Mandate (C.D. Ill. Nov. 21, 2016). Crawford did not petition the United States Supreme Court for a writ of certiorari. Accordingly, Crawford's § 2255(f)(1) limitations period began to run on January 20, 2017—ninety days after the mandate's issuance. See, e.g., Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Donald, No. 15-cr-0064 (DSD/HB), 2017 WL 3588630, at *2 (D. Minn. Aug. 18, 2017). Therefore, to be timely, Crawford's Petition had to have been filed on or before January 20, 2018.

When Crawford signed the present Petition on March 21, 2019, Crawford's deadline to file said Petitioner had already expired approximately fourteen months beforehand. The Court therefore concludes that Crawford could not have brought this action in the Central District of Illinois when he filed it, making transfer under § 1631 inappropriate. Accordingly, the Court recommends that—notwithstanding the transfer provision of 28 U.S.C. § 1631—this action not be transferred to the district court where Crawford should have filed it.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's "Motion Under 28 U.S.C. § 2255 and § 2254," [Docket No. 1], be **DENIED without prejudice**;

5

2. Petitioner's "Motion for Federal Rule 6 Discovery," [Docket No. 2], be **DENIED as moot**;

3. Plaintiff's Motion to Proceed In Forma Pauperis, [Docket No. 3], be **DENIED as moot**; and

4. The present action be **DISMISSED without prejudice**.

Dated: June 13, 2019					s/Leo I. Brisbois_____
							Leo I. Brisbois
							U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).